**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MELISSA T. DAUGHERTY, SB# 227451
 E-Mail: Melissa.Daugherty@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
STEPHEN E. ABRAHAM, SB# 172054
 E-Mail: Stephen.Abraham@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, CA 92626
Telephone: 714.668.5562
Facsimile: 714.850.1030

Attorneys for Defendant Delicato Vineyards LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andres Gomez,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Frog's Leap Winery, a California Corporation<br><br>　　　　Defendants. | CASE NO. 4:22-cv-00344-JSW<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

　　　　Defendant Frog's Leap Winery ("**Delicato**" or "**Defendant**") answers the complaint of Plaintiff ANDRES GOMEZ ("**Plaintiff**") by admitting, denying, and alleging as follows:

## PARTIES

　　　　1.　　In answer to Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis denies each of the allegations contained therein. Notwithstanding the foregoing, on information and belief, Plaintiff is a ***resident of Miami, Florida*** who

1
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

only traveled to California for two months in 2021 – March and April – during which he stated at his aunt's home in El Monte, California and did not engage in any travel in Northern California. Furthermore, on information and belief, Plaintiff has previously testified under penalty of perjury in other cases that he can read text and discern other features on computer screens if the size of the depicted image is enlarged and can also discern colors and contrasting objects and, on that basis, Defendant avers that Plaintiff's statement that he cannot use an electronic device without assistance of SRS is incompatible with his prior sworn testimony and therefore false.

    2.    In answer to Paragraphs 2 and 3 of the Complaint, Defendant admits that it has an interest in the Frog's Leap Winery and did so in March 2021 and August 2021.

    3.    In answer to Paragraphs 4 and 5 of the Complaint, Defendant admits that its business is presented through the website www.frogsleap.com and was so in March 2021 and August 2021.

    4.    In response to the allegations in paragraph 6 of the Complaint, Defendant alleges that it is without sufficient information or belief as to the matters set forth therein, and placing its denial on that basis, denies each and every allegation set forth therein.

## JURISDICTION & VENUE

    5.    Defendant states that the allegations of paragraphs 7 through 8 of the Complaint constitute legal conclusions by Plaintiff, for which no response is required. To the extent a response is required, Defendant alleges that it is without sufficient information or belief as to the matters set forth therein, and placing its denial on that basis, denies each and every allegation set forth therein.

    6.    In answer to Paragraph 9 of the Complaint, Defendant admits only that the targeted property and business are located in the geographic area defining the

venue of this Court. However, Defendant on information and belief denies that the actions alleged in the complaint occurred within this District and that the events, to the extent they occurred at all, occurred in part or whole in Miami, Florida.

## FACTUAL ALLEGATIONS

7.  In answer to Paragraphs 10-11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis denies each of the allegations contained therein. Furthermore, on information and belief, Plaintiff has previously testified under penalty of perjury in other cases that he can read text and discern other features on computer screens if the size of the depicted image is enlarged and can also discern colors and contrasting objects and, on that basis, Defendant avers that Plaintiff's statement that he cannot use an electronic device without assistance of SRS is incompatible with his prior sworn testimony and therefore false.

8.  In answer to Paragraph 12 of the Complaint, Defendant admits that portions of the Subject Business are at times open to the public.

9.  In answer to Paragraphs 13-15 of the Complaint, Defendant admits that bona fide patrons of its business can use the website to make reservations and obtain information. As to the balance of the allegations, Defendant alleges that it is without sufficient information or belief as to the matters set forth therein, and placing its denial on that basis, denies each and every other allegation set forth therein.

10. In answer to Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis denies each of the allegations contained therein. Notwithstanding the foregoing, on information and belief, Plaintiff is a **_resident of Miami, Florida_** who only traveled to California for two months in 2021 – March and April – during which he stated at his aunt's home in El Monte, California and did not engage in any travel in Northern California. Furthermore, on information and belief, Plaintiff has

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

previously testified under penalty of perjury in other cases that he can read text and discern other features on computer screens if the size of the depicted image is enlarged and can also discern colors and contrasting objects and, on that basis, Defendant avers that Plaintiff's statement that he cannot use an electronic device without assistance of SRS is incompatible with his prior sworn testimony and therefore false.

11. In answer to Paragraphs 18-19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis denies each of the allegations contained therein. Furthermore, on information and belief, Plaintiff has previously testified under penalty of perjury in other cases that he can read text and discern other features on computer screens if the size of the depicted image is enlarged and can also discern colors and contrasting objects and, on that basis, Defendant avers that Plaintiff's statement that he cannot use an electronic device without assistance of SRS is incompatible with his prior sworn testimony and therefore false.

12. Defendant states that the allegations of paragraphs 20-47 of the Complaint constitute legal conclusions by Plaintiff, for which no response is required. To the extent a response is required, Defendant alleges that it is without sufficient information or belief as to the matters set forth therein, and placing its denial on that basis, denies each and every allegation set forth therein.

## PRAYER

The remainder of Plaintiff's Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendants denies each and every allegation contained therein and specifically denies that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted above, Defendants denies each and every allegation contained in Plaintiff's Complaint.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiff's Complaint and each and every claim contained therein fails to state facts sufficient to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Defendant is informed and believe and thereon alleges that Plaintiff's claims as contained in the Complaint are barred by the applicable statutes of limitations, including, but not limited to, Civil Code section 51 et seq., and Code of Civil Procedure section 335.1.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

Defendant is informed and believe and thereon alleges that Plaintiff has waived any and all claims that he may have had or has against Defendant arising from the transactions and/or occurrences contained in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Defendant is informed and believe and thereon alleges that Plaintiff is estopped by his own conduct from asserting any and all claims he may have had or has against Defendant arising from the transactions and/or occurrences contained in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Doctrine of Laches)**

Defendant is informed and believe and thereon alleges that Plaintiff's Complaint is barred in its entirety, by the Doctrine of Laches.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendant is informed and believe and thereon alleges that Plaintiff's Complaint is barred, in its entirety, by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Intentional Conduct)**

Defendant did not engage in intentional conduct entitling Plaintiff to recovery of damages pursuant to the Unruh Civil Rights Act.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Alternative Methods)**

Defendant is informed and believe and thereon alleges based upon information and belief that it and other third parties provide persons with disabilities alternatives to barrier removal by providing access by alternative methods.

**NINTH AFFIRMATIVE DEFENSE**

**(Isolated and/or Temporary Interruptions)**

Defendant alleges based upon information and belief that it was privileged and/or justified for the alleged conduct, if any, because the alleged barriers were isolated and/or temporary interruptions in service or access due to maintenance and/or repairs.

**TENTH AFFIRMATIVE DEFENSE**

**(Good Faith Belief)**

The Complaint is barred, in whole or in part, because any actions taken with respect to Plaintiff were based on honest, reasonable, and good faith beliefs in the facts as known and understood at the time.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Standing for Barriers Not Affecting Plaintiff's Gender or Disability)**

Plaintiff lacks standing to seek relief for barriers not affecting his disability.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Plead with Certainty and Particularity)

The allegations of the Complaint, and each purported cause of action contained therein, are not pled with sufficient particularity and are uncertain, vague, ambiguous and unintelligible.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Not Readily Achievable)

Some or all of the barrier removal proposed by Plaintiff are not readily achievable.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Comply with SB1186)

On information and belief, Plaintiff's Complaint and each cause of action is barred because he failed to comply with the requirements of SB 1186.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Undue Burden)

Some or all of the barrier removal proposed by Plaintiff would result in an undue burden for Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Defendant alleges upon information and belief that Plaintiff has failed to act reasonably to mitigate any damages that he has alleged in this action, if any at all.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff's claims are barred, in whole or in part, because he has not suffered harm and, therefore, Plaintiff lacks standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Business Justification)

Defendant's activities, undertaken with respect to Plaintiff, were justified as such activities were proper, fair, and legitimate business activities and/or due to business-related reasons which were neither arbitrary, capricious, nor unlawful.

### NINETEENTH AFFIRMATIVE DEFENSE

### (No Statutory Damages Pursuant to SB 269)

Plaintiff is barred from recovery of minimum statutory damages pursuant to SB 269.

### RIGHT TO PLEAD ADDITIONAL AFFIRMATIVE DEFENSES

Defendant do not presently know all the facts and circumstances respecting Plaintiff's claims. Defendant reserve the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial in this matter.

WHEREFORE, Defendant pray as follows:

1. Plaintiff take nothing by the Complaint;
2. Judgment be rendered in favor of Defendant; and
3. Defendant be awarded costs of suit.

DATED: March 15, 2022         LEWIS BRISBOIS BISGAARD & SMITH LLP

By:       /s/
       Melissa T. Daugherty
       Stephen E. Abraham
       Attorneys for Defendant

# FEDERAL COURT PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626, California 90071. I am a member of the bar of this Court.

On March 15, 2022, I served the following document(s): DEFENDANT'S ANSWER TO COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

CENTER FOR DISABILITY ACCESS                Attorneys for Plaintiff
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

The documents were served by the following means:

☒   e-Filing via ECF pursuant to Court order

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 15, 2022, at Los Angeles, California.

/s/ Stephen E. Abraham